UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07-cv-1806-MSK-CBS

Horacio Flores, et al.,

    Plaintiffs,

v.

FedEx Ground Package System, Inc.

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs and Defendant in this case, through their respective undersigned counsel, hereby stipulate and agree that discovery materials produced or information otherwise disclosed by the parties during the course of discovery in this action may contain financial information, competitive information, personnel information or other kinds of commercially-sensitive information that the producing party deems confidential. In order to reasonably preserve the confidentiality of such information the parties stipulate and agree as follows:

    1.    This Protective Order shall apply to all materials and information designated as confidential under paragraph 2 and produced by the parties during the course of discovery, and all copies, excerpts, or summaries of the documents produced, including, without limitation, documents and information produced pursuant to Rules 26, 33 or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories or requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "discovery materials").

2. Any party who produces or discloses any information in discovery may designate materials or portions thereof not previously disclosed to the public by the producing party and not subject to another protective or confidentiality order as "CONFIDENTIAL." Discovery Materials that may be designated as "CONFIDENTIAL" are limited to: (1) materials containing personal identifiers including, but not limited to, Social Security numbers, addresses, and telephone numbers; (2) financial records and information not publicly filed with any federal or state taxing or regulatory authority or otherwise publicly available; (3) trade secret information as defined under state or federal law; (4) tax, medical, or other personnel information relating to current or former employees or independent contractors of defendants; (5) proprietary sales, marketing, licensing, operational or other proprietary information not otherwise publicly available; (6) information pertaining to defendants' customers that is not publicly available; and (7) information relating to non-public administrative or regulatory proceedings.

3. Documents designated "CONFIDENTIAL" included as part of any court filing shall be filed under seal pursuant to D.C. Colo. L. Civ. R. 7.2(F). Any non-party from whom discovery material is sought in this case may also designate the discovery material produced as "CONFIDENTIAL" as provided in this stipulation and Protective Order.

4. Confidential Discovery Materials shall not be disclosed by any means to any person or entity for any other purpose whatsoever except the prosecution or defense of this case.

5. Confidential Discovery Materials may only be disclosed to the following persons:

(a) Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case;

    i) Attorneys of record, pursuant to their ethical obligations, shall effectively screen any attorneys or staff members in their respective firms who have ethical conflicts with this case, including any who represent entities that compete with the named Defendants in these proceedings;

    ii) In-house counsel shall take appropriate steps to segregate Confidential Discovery Materials from other company and department records and to limit access to such materials only to members of their in-house legal staff;

(b) Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert);

(c) Named parties, or officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;

(d) Persons noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary

        in good faith in connection with that person's testimony or counsel's preparation of their case;

(e)     The Court and Court personnel in accordance with the procedures set forth in Paragraph 10 below;

(f)     Stenographic reporters engaged for deposition or other proceedings necessary for the conduct of this case;

(g)     Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

(h)     Any person who authored or received the particular information sought to be disclosed to that person.

6.     Before disclosing Confidential Discovery Materials to persons within the categories in Paragraphs 5(b), (d), and (h) above, the attorney disclosing the materials shall advise such person of the restrictions of this Protective Order and obtain written assurance in the form attached as <u>Exhibit A</u> that such person will be bound by its provisions; By signing this Order, Counsel shall bind the parties whom they represent as well as other counsel of record representing the same parties.

7.     All Confidential Discovery Materials shall be designated and stamped "CONFIDENTIAL" prior to their production. In the event that a party inadvertently fails to so designate any Confidential Discovery Materials, the producing party may within fifteen (15) days of production make such a designation by notifying the receiving party in writing. In the case of deposition testimony, counsel for the person being deposed shall, within fifteen (15) days after the transcript has been received by such counsel, be permitted to designate any portions of the transcript which contain testimony concerning Confidential Discovery Materials and not so designated during

deposition testimony, which portions after such designation shall be treated as Confidential Discovery Materials. All deposition testimony will be treated as Confidential during the interim time period.

8. In the event a party objects to the other party's designation of any material as "CONFIDENTIAL" under this Protective Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may bring a motion to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such materials should not be treated as confidential.

9. This Protective Order shall not prevent any Confidential Discovery Materials from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court.

10. Independent experts and consultants authorized to view information or documents designated as "CONFIDENTIAL" under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation. Other appropriate recipients receiving such materials from counsel shall not retain copies of such materials but shall, instead, return such materials to counsel who disclosed the Confidential Discovery Materials to the recipient within a reasonable period of time after counsel has determined in good faith that the recipient's

assistance in the litigation is no longer needed. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this action. The parties and any other person obtaining access to Confidential Discovery Materials pursuant to this Protective Order agree that the Court shall retain jurisdiction following judgment or dismissal to enforce the terms hereof. Notwithstanding the above, counsel of record for each party will be permitted to keep one copy of all Confidential Discovery Materials to maintain in their respective files.

11. Any party or interested member of the public may challenge the sealing of a document from the public record. The burden of persuasion shall be governed by Rule 26 of the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order shall restrict the use or disclosure by any party of its own Confidential Discovery Materials.

13. If some of the same information or materials that have been designated as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order appear or are found in a publicly available forum without violation of Paragraph Five (5) of this Protective Order on the part of the receiving party herein, then such information or materials shall no longer be subject to the restrictions of this Protective Order.

14. If a person or entity in possession of Confidential Discovery Materials is served with a subpoena or demand for production of such materials from a court, administrative, legislative, or other governmental body, demand or request such materials, the recipient shall give written notice

as soon as possible and in no case later than 2 days of receipt of the subpoena or demand to the attorneys for the producing or disclosing party. In the event that a subpoena or demand purports to require production of such Confidential Discovery Materials in less than 10 days from the recipient's receipt of the notice, the person or entity to whom the subpoena or demand is directed shall give immediate telephonic notice of the receipt of such subpoena or demand and transmit a copy thereof by telecopier, e-mail, or for next day delivery, to the attorneys for the producing or disclosing party. The person or entity in possession of such Confidential Discovery Materials shall remain neutral regarding any attempt of the producing or disclosing party to have the subpoena or demand quashed or modified by the compelling authority and shall, to the extent consistent with the law, retain possession and, where possible, not produce the subject Confidential Discovery Materials until any such attempt is resolved or until ordered to do so by a court. Good faith compliance with a lawful subpoena shall not be deemed a violation of this Protective Order.

DATE: January 28, 2011

AGREED.

| **s/ David D. Leishman** | **s/ Jessica G. Simbalenko** |
|---|---|
| David D. Leishman | Jessica G. Simbalenko |
| Lockridge Grindal Nauen P.L.L.P. | Wheeler Trigg O'Donnell LLP |
| 100 Washington Ave. South, Ste. 2200 | 1801 California St., Ste. 3600 |
| (612) 339-6900 | (303) 244-1800 |
| ddleishman@locklaw.com | simbalenko@wtotrial.com |
| *Attorney for Plaintiffs* | *Attorney for FedEx Ground Package System, Inc.* |

DATED at Denver, Colorado, this 4th day of February, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## EXHIBIT A

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order governing confidentiality of discovery materials dated _____, ____, in the action entitled *Flores, et al. v. FedEx Ground Package System, Inc.*, Civil No. 07-cv-1806, in the United States District Court, District of Colorado.

As a condition precedent to my examinations of any Confidential Discovery Materials in connections with this case, or my obtaining any information derived from said Confidential Discovery Materials, I hereby agree that this confidentiality order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Protective Order. I agree to submit to the jurisdiction of the United States District Court, District of Colorado, for the purposes of enforcement of the Protective Order.

Dated: _____     _____
                                 Name (Signature)

                                 _____
                                 Name (Printed)

                                 _____

                                 _____
                                 Address